938 F.2d 1528
 Fed. Sec. L. Rep. P 96,098
Ira L. MENDELL, on behalf of himself and others similarly
situated, Plaintiffs-Appellants, Cross-Appellees,
v.
George J. GREENBERG, Frederick R. Adler, James R. Swartz,
Anita Loehmann Stafford, Donald H. Balleisen, Allan S.
Gordon, Christopher D. Illick, Cecily C. Selby, Kenneth J.
Thornhill, John D. Mack, AEA Investors Inc., LHI Inc., LH
Investors, Inc., LH Holdings Inc., Loehmann's Inc., and
Drexel Burnham Lambert Incorporated, Defendants-Appellees,
Cross-Appellants.
 Nos. 532, 725, Dockets 89-7718, 89-7760.
 United States Court of Appeals,
Second Circuit.
 Submitted Jan. 10, 1990.
Decided Nov. 1, 1990.
Amended Opinion March 7, 1991.
As Amended July 10, 1991.
 
 David C. Birdoff, New York City (Neil G. Sparber, Fulbright Jaworski & Reavis McGrath, New York City, of counsel), filed a brief, for defendants George J. Greenberg, Frederick R. Adler, James R. Swartz, Allan S. Gordon, Christopher D. Illick and Cecily C. Selby.
 Arnold S. Klein, New York City (Lisa K. Eastwood, Kelly Drye & Warren, New York City, of counsel), on the brief, for defendants AEA Investors Inc., LHI Inc., LH Investors Inc., LH Holdings Inc., and Loehmann's Inc.
 Robert W. Brundige, Jr., New York City (Hughes Hubbard & Reed, New York City, of counsel), on the brief, for defendants Anita Loehmann Stafford and John D. Mack.
 Irving Malchman, New York City (Kaufman Malchman Kaufmann & Kirby, New York City, of counsel), filed a brief, for plaintiff-appellant Ira L. Mendell.
 Before VAN GRAAFEILAND, CARDAMONE and ALTIMARI, Circuit Judges.
 PER CURIAM:
 
 
 1
 Following our opinion in the above matter, reported at 927 F.2d 667 (2nd Cir.1991), familiarity with which is assumed, a request for en banc consideration was made. It was agreed, however, that a vote on the en banc request should be deferred until the Supreme Court decided Virginia Bankshares, Inc. v. Sandberg, in which a petition for certiorari had been granted. Virginia Bankshares now has been decided, --- U.S. ----, 111 S.Ct. 2749, 115 L.Ed.2d 929 (1991), and, while it is not as squarely on point as we had anticipated, it counsels a change in the course we pursued.
 
 
 2
 The essence of the Supreme Court's holding, as expressed at the outset of Justice Souter's opinion, is that "knowingly false statements of reasons may be actionable even though conclusory in form." Id. at ---, 111 S.Ct. at 2753. The Court stated that under Sec. 14(a) "a plaintiff is permitted to prove a specific statement of reason knowingly false or misleadingly incomplete, even when stated in conclusory terms." Id. at ---, 111 S.Ct. at 2759.
 
 
 3
 "On the other hand," said the Court,
 
 
 4
 to recognize liability on mere disbelief or undisclosed motive without any demonstration that the proxy statement was false or misleading about its subject would authorize Sec. 14(a) litigation confined solely to what one skeptical court spoke of as the "impurities" of a director's "unclean heart." Stedman v. Storer, 308 F.Supp. 881, 887 (SDNY 1969) (dealing with Sec. 10(b)).... We therefore hold disbelief or undisclosed motivation, standing alone, insufficient to satisfy the element of fact that must be established under Sec. 14(a).
 
 
 5
 Id.
 
 
 6
 What the Court appears to require is "garden-variety evidence, subject neither to a plaintiff's control nor ready manufacture," with "no undue risk of open-ended liability or uncontrollable litigation," i.e., proof that the value of the company's stock "when assessed in accordance with recognized methods of valuation," was higher than the "fair" price stated by the directors. See id.
 
 
 7
 In the instant case, plaintiff has yet to produce any meaningful proof that the Loehmann stock was worth more than $31.30 a share. We believe that proof of this nature is required before the district court enters the morass of alleged motivation and knowing deception. Accordingly, we direct the district court upon remand to bifurcate the trial and to try first the issue of fair value. If plaintiff fails to establish that the fair value of the Loehmann stock, "when assessed in accordance with recognized methods of valuation," was materially in excess of $31.30 a share, that portion of plaintiff's complaint dealing with the alleged deception on this issue should be dismissed. If plaintiff surmounts this preliminary hurdle, the district court then can go on to determine whether the directors' proxy statements of reason were knowingly false or misleadingly incomplete.
 
 
 8
 Because the Virginia Bankshares decision does not deal with the issues involved in "The Tax Incentive Claim" and "The 'Handshake Agreement' Claims," 927 F.2d at 676-78 and 686-87, the opinion and dissenting opinion dealing with those issues remain unchanged.